UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Bradley Lakendrick Copeland, | ) | C/A No. 4:16-cv-00950-RBH-KDW |
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Wayne Byrd, and Scott Gauger, | ) | |
| Defendants. | ) | |

This is a civil action filed pro se by a prison inmate. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.      Factual Background

Bradley Lakendrick Copeland ("Plaintiff") is a pretrial detainee in Darlington County awaiting trial on three counts of cocaine base manufacture/distribution. Compl. 3, ECF No. 1. He asserts that he is being subjected to "false imprisonment" and violations of his Fourth Amendment rights because even though he did appear at a bond hearing, he was not allowed to attend a preliminary hearing and has not made an initial appearance in the over 123 days that he has been detained. *Id*. at 2-3. He contends that this violates "due process" and also contends that the "three warrents [sic] should have been served concurrent with [his] sentence [he] was doing." *Id*. at 4. Plaintiff asks this court to order the State of South Carolina to release him from detention; he also seeks $100,000 in damages. *Id*.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III.    Discussion

To the extent that Plaintiff requests injunctive relief from this court in the nature of an order to the State of South Carolina to release him from detention, this case is barred by the doctrine established by *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny. *Younger* and

other similar cases hold that, absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceedings. *See*, *e.g.*, *Younger*, 401 U.S. at 44; *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989).     In the *Cinema Blue* case, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. 887 F.2d at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this Court from enjoining such proceedings. *Bonner v. Circuit Ct. of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975). In *Bonner*, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." *Id.*; *see also D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) (federal courts cannot review state court proceedings in an appellate sense); *Gurley v. Superior Ct. of Mecklenburg Cnty.*, 411 F.2d 586, 587-88 (4th Cir. 1969) (federal courts may not issue writs of mandamus against state courts); *Craigo v. Hey*, 624 F. Supp. 414 (S.D.W. Va. 1985) (same).

    Plaintiff does not indicate that any motions to dismiss or to suppress have been filed in his state case, nor does he claim that he is unable to do so through his attorney. However, as indicated in the cases cited above, Plaintiff is not foreclosed from raising what appear to be challenges to his alleged inability to attend and participate in preliminary procedures and to the timing of the service of the arrest warrants in his case and having them ruled on in his on-going state criminal prosecution by the state court judge. This federal court cannot remove from the

judge who is actually in control on Plaintiff's state criminal case the authority to rule on such an objection. Also, to grant the injunctive relief Plaintiff seeks: release from incarceration and confinement, this Court would be required to enjoin the state prosecution, and, as stated above, this is not something we can do under *Younger*, *Cinema Blue*, and *Bonner*.

Furthermore, to the extent Plaintiff seeks damages from Defendants for "false imprisonment" allegedly arising from his continued incarceration and based on their involvement in his arrest and the prosecution of the state criminal charges currently pending against him, his claims are, essentially, Fourth Amendment unreasonable seizure/malicious prosecution-type claims brought in this court pursuant to 42 U.S.C. § 1983.[1] Although there is no independent cause of action for malicious prosecution under § 1983, the Fourth Circuit Court of Appeals has ruled that a "malicious prosecution claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort." *Lambert v. Williams*, 223 F.3d 257, 261 (4th Cir. 2000). The same court has also held that for a plaintiff to state a plausible § 1983 malicious-prosecution claim for an unreasonable seizure of his person in violation of the Fourth Amendment, the defendant must have "seized [plaintiff] pursuant to legal process that was not supported by probable cause *and . . . the criminal proceedings [must have] terminated in [plaintiff's] favor*." *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183-84 (4th Cir. 1996) (emphasis added). Unlike Fourth Amendment false-

---

[1] Plaintiff's claims for damages allegedly arising from federal constitutional violations by a South Carolina sheriff and one of his deputies are properly considered by this court under its federal question jurisdiction pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731-32 (1989). The purpose of § 1983 is to deter state actors from using the badges of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citation omitted) (emphasis added). No other viable basis for the exercise of this court's subject matter jurisdiction over Plaintiff's allegations is evident from the face of the Complaint.

arrest claims, to which the United States Supreme Court opinion in *Heck* v. *Humphrey*, 512 U.S. 477 (1994), is not applicable for reasons stated in *Wallace v. Kato*, 549 U.S. 384, 394 (2007),[2] malicious-prosecution-type constitutional claims raised by a pretrial detainee are still governed by *Heck* and the so-called "favorable termination rule." This is true because the author of the *Wallace* opinion, the late Justice Scalia, specifically exempted malicious-prosecution-type Fourth Amendment seizure claims from the coverage of his *Wallace* opinion. 549 U.S. at 387 n.1, 390 n.2; *accord Jovanovic v. City of New York,* No. 04 CV 8437(PAC), 2008 WL 355515 (S.D.N.Y. Feb.7, 2008) (finding *Wallace v. Kato's* holding applies only to claims of false arrest and the holding in *Heck v. Humphrey* still applies to claims of malicious prosecution); *see also Brown v. Gardner*, No. 3:14-4635-TMC, 2015 WL 893344 (D.S.C. March 3, 2015); *Covington v. Turner*, No.1:12-2271-SB-SVH, 2012 WL 6615222, at *3 (Nov. 14, 2012), *report adopted* ,2012 WL 6616236 (D.S.C. Dec. 19, 2012); *Robinson v. Horry County Police Dep't*, No.4:10-cv-02732-RBH-SVH, 2010 WL 4922660, at *2 (Nov. 2, 2010), *report adopted*, 2010 WL

---

[2] Plaintiff's allegations do not raise a false-arrest claim because Plaintiff indicates that his arrest was based on three arrest warrants, ECF No. 1 at 4, and there are no allegations that the warrant or warrants were facially invalid. *Dorn v. Town of Prosperity*, 375 F. App'x 284, 288 (4th Cir. 2010) (no false arrest in South Carolina when facially valid warrant issues). Moreover, the online records of the Darlington County Clerk of Court disclose that indictments were issued on all three of the charges currently pending against Plaintiff. *See* http://publicindex.sccourts.org/Darlington/PublicIndex/CaseDetails.aspx?County=16&CourtAgency=16001&Casenum=2015A1610400709&CaseType=C (last visited Apr. 21, 2016). This court has held that an indictment settles the issue of probable cause for arrest and thereby precludes plausible claims for both false arrest and malicious prosecution. *See Wilson v. Chickering*, No. 0:15-4166-TMC, 2016 WL 422217, at *2 (D.S.C. Feb. 4, 2016) *(citing Gatter v. Zappile,* 67 F. Supp. 2d 515, 519 (E.D. Pa. 1999) (collecting cases holding that a grand jury indictment is affirmative evidence of probable cause); *Sibdhannie v. Coffey*, No. CIV. A. 06-3394(PGS), 2006 WL 3780778 (D.N.J. Dec. 21, 2006) ("A grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983."), and *Provet v. South Carolina*, Civil Action No. 6:07-1094-GRA-WMC, 2007 WL 1847849 (D.S.C. June 25, 2007)).

4922655 (D.S.C. Nov. 29, 2010). Because his allegations of constitutional violations in connection with his arrest and detention, if true, would invalidate the criminal charges now pending against him, Plaintiff's Fourth Amendment claims are barred until such time as the pending charges are disposed of in a manner favorable to Plaintiff, either through a pre-conviction dismissal of the charges, an acquittal, or by way of a successful post-conviction proceeding such as appeal, post-conviction relief, or federal writ of habeas corpus. *See Heck,* 512 U.S. at 486-87; *McCormick v. Wright,* No. 2:10-00033-RBH-RSC, 2010 WL 565303, at *3 (D.S.C. Feb.17, 2010) ("Plaintiff has certainly not alleged the element that the state criminal charges against him have been resolved in his favor so a malicious prosecution claim appears to be premature.").

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice*. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

April 25, 2016  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).